UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:19-CR-0306-B-1 |
| | § | |
| CATRELL TYWARREN JOHNSON, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Catrell Tywarren Johnson's Motion for Release from Custody in Light of COVID-19 Outbreak at Limestone Jail (Doc. 111). For the reasons set forth below, the Court **DENIES** Johnson's motion.

## I.

## BACKGROUND

On June 12, 2019, Johnson was arrested pursuant to a complaint that he had engaged in child sex trafficking in violation of federal law. Doc. 22, Arrest Warrant. Shortly thereafter, Johnson waived his right to a detention hearing, and the magistrate judge ordered him detained pending trial. Doc. 11, Detention Order, 1. Johnson's trial on charges of sex trafficking of children and conspiracy to commit child sex trafficking is currently set for September 14, 2020. *See* Doc. 39, Superseding Indictment, 1, 3; Doc. 83, Order, 1.

On August 19, 2020, Johnson filed a motion seeking pretrial release based on the COVID-19 pandemic and the spread of the virus to Limestone County Jail, where he currently remains pending trial. *See* Doc. 111, Def.'s Mot., 1. In support of his request for temporary release, Johnson points out

- 1 -

the dangerous prevalence of the COVID-19 virus—a "radical[] change[]" of circumstances for Johnson's incarceration. *Id.* at 3. Johnson explains that Limestone County Jail, where he is detained, now has cases of COVID-19, and due to the nature of incarceration, he cannot practice social distancing. *Id.* at 3–4, 6–7. Though Johnson concedes that he has no "confirmed pre-existing medical conditions which would make him more susceptible to serious complications if infected by the virus," he points out that "pre-existing conditions are not required" for COVID-19 to cause death. *Id.* at 5. Finally, Johnson states that his release would be "limited," given that his trial is set for September 14, 2020, and the release would remedy concerns about Johnson's passage of the virus to others participating in his trial. *Id.* at 10. For these reasons, Johnson urges the Court to temporarily release him pursuant to 18 U.S.C. § 3142(f)(2) or (i). *Id.* at 7.

## II.

## LEGAL STANDARD

Title 18 U.S.C. § 3142 governs pretrial release. Fed. R. Crim. P. 46(a). Specifically, § 3142 determines whether an individual charged with an offense should be released or detained pending trial. *See* § 3142(a). Under that statute, an individual should be detained pretrial "[i]f, after a hearing . . . , [a] judicial officer officers finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." § 3142(e)(1).

The Court may, however, "reopen[]" the hearing "at any time before trial" if it "finds that information exists that was not known . . . at the time of the hearing and that has a material bearing" on whether the defendant should be detained. § 3142(f)(2). Additionally, after a pretrial detention order, the Court may "permit the temporary release of the person . . . to the extent that the [Court]

determines such release to be necessary for preparation of the person's defense or for another compelling reason." § 3142(i).

## III.

## ANALYSIS

In his motion seeking pretrial release, Johnson invokes the Court's authority under either § 3142(f)(2) or § 3142(i). Doc. 111, Def.'s Mot., 7. Below, the Court addresses Johnson's request under each provision and concludes that Johnson is not entitled to temporary release pending trial.

A.    *Johnson Has Not Offered Material Information Warranting the Reopening of His Detention Hearing.*

In his motion, Johnson asks the Court to reopen his detention hearing under § 3142(f)(2) in light of the COVID-19 pandemic. Doc. 111, Def.'s Mot., 7. Under § 3142(f)(2), the Court may reopen a detention hearing before trial if it "finds that information exists that was not known . . . at the time of the hearing and that has a material bearing on the issue [of] whether there are conditions of release that will reasonably assure the appearance of such person . . . and the safety of any other person and the community." The Fifth Circuit has interpreted the § 3142(f)(2) standard to necessitate "new" evidence. *United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (per curiam) (citations omitted).

Given that § 3142(f)(2) "focuses on whether conditions can be set that reasonably assure the safety of the community and the defendant's appearance in court," many "courts have held that . . . a defendant's concerns of heightened COVID-19 risks while incarcerated would not typically factor into an analysis of whether to reopen detention . . . ." *United States v. Sanmiguel*, 2020 WL 3036636, at *2 (N.D. Tex. June 5, 2020) (citations omitted); *see, e.g.*, *United States v. Bishop*, 2020

WL 3442058, at *3 (N.D. Tex. June 5, 2020) ("The pandemic itself is not relevant to the question of whether there is a condition or combination of conditions that the Court could impose that would reasonably assure that Defendant would not present a danger to another or the community.").

The Court agrees. Johnson's argument to reopen his detention hearing is based on his confinement in a facility that, according to Johnson, has active COVID-19 cases. *See* Doc. 111, Def.'s Mot., 7. This argument, however, could "appl[y] to all prisoners," and it "does not address either prong of the § 3142(f)(2) analysis . . . ." *United States v. McKinney*, 2020 WL 2736001, at *1 (E.D. Tex. May 26, 2020) (citations omitted). Accordingly, the Court **DENIES** Johnson's motion to the extent he requests a reopening of his detention hearing.

B.    *Johnson Has Not Shown a Compelling Reason for Temporary Release.*

Johnson also invokes the Court's authority under § 3142(i) to release him pending trial. Doc. 111, Def.'s Mot., 7. Section 3142(i) allows the Court to "permit the temporary release" of a defendant detained pretrial "to the extent that the [Court] determines such release to be necessary for preparation of the person's defense or for another compelling reason." Despite "the limited existence of authority delineating what constitutes a 'compelling reason,'" "requests for release in light of the COVID-19 pandemic have been considered under the 'compelling reason' prong of § 3142(i)." *United States v. Dunn*, 2020 WL 1862567, at *2 (N.D. Tex. Apr. 13, 2020) (citation omitted). "Courts using this approach," however, conclude "that generalized COVID-19 fears and speculation are insufficient to meet this prong and instead looked to the specificity of the defendant's concerns in order to make an individualized determination of whether temporary release is warranted." *Id.* (citations omitted).

The Court will do the same here. In his motion, Johnson urges the Court to recognize the

presence of COVID-19 at his facility as a "compelling reason" under § 3142(i). Doc. 111, Def.'s Mot., 7 (quoting § 3142(i)). Given that Johnson concedes he has no underlying conditions that place him at a greater risk of severe symptoms should he contract COVID-19, *see* Doc. 111, Def.'s Mot., 5, Johnson's argument in support of temporary release could apply to countless inmates detained pending trial. This Court "cannot release every detainee who may be at risk of contracting COVID-19, as it would then be required to release *all* detainees." *United States v. Kerr*, 2020 WL 1529180, at *3 (N.D. Tex. Mar. 31, 2020) (emphasis in original) (citation omitted). Consequently, the Court declines to find a "compelling reason" for Johnson's pretrial release and **DENIES** his request for relief under § 3142(i). *See* § 3142(i).

## IV.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Johnson's Motion for Release from Custody in Light of COVID-19 Outbreak at Limestone Jail (Doc. 111).


SO ORDERED.

SIGNED: August 24, 2020.


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE